People v Perry (2021 NY Slip Op 05826)





People v Perry


2021 NY Slip Op 05826


Decided on October 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 26, 2021

Before: Gische, J.P., Webber, Mazzarelli, Shulman, Pitt, JJ. 


Ind. Nos. 2713/15, 2830/15 Appeal No. 14490-14490A Case No. 2019-1153 

[*1]The People of the State of New York, Respondent,
v
Dwight Perry, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Ellen Stanfield Friedman of counsel), for respondent.



Judgment, Supreme Court, New York County (Ronald A. Zweibel, J. at counsel waiver; Edward J. McLaughlin, J. at suppression hearing; Ruth Pickholz, J. at jury trial and sentencing), rendered February 2, 2017, as amended August 3, 2017, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously reversed, on the law, and the matter remanded for a new suppression hearing and a new trial. Appeal from judgment, same court (Pickholz, J.), rendered February 2, 2017, as amended March 29 and June 29, 2018, convicting defendant, upon his plea of guilty, of attempted robbery in the third degree, and sentencing him, as a second felony offender, to a concurrent term of two to four years, unanimously dismissed as abandoned.
The court's colloquy with defendant regarding his request to proceed pro se was insufficient to establish a valid waiver of the right to counsel. The record "does not sufficiently demonstrate that defendant was aware of his actual sentencing exposure" (People v Jackson, 194 AD3d 622, 622 [1st Dept 2021]), including the potential for his sentences in two pending cases, arising from unrelated incidents, to run consecutively. The court also failed to inquire into defendant's understanding of "the nature of the charges" (People v Cole, 120 AD3d 72, 75 [1st Dept 2014], lv denied 24 NY3d 1082 [2014]). This despite defendant's admission that he did "[n]ot necessarily" understand the charges in one case and was "still coming to grips with the charges" in the other case. The court's statement during the waiver colloquy that defendant was "facing felony charges" was inadequate for that purpose.
Moreover, the court's inquiry did not "accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Crampe, 17 NY3d 469, 482 [2011], cert denied sub nom. New York v Wingate 565 US 1261 [2012]). The court failed to warn defendant about the numerous pitfalls of representing himself before and at trial, such as unfamiliarity with legal terms, concepts, and case names; the potential challenges of cross-examining witnesses and delivering an opening statement and summation as a pro se criminal defendant. While there is no mandatory "catechism for this inquiry," there must be a "searching inquiry" conducted by a court before permitting self-representation (People v Providence, 2 NY3d 579, 580 [2004] [internal quotation marks and citation omitted]); see NY Model Colloquies, Waiver of Counsel). Under the particular circumstances of this case, we find that defendant's waiver of his right to counsel was not knowing, intelligent, and voluntary.
Because defendant represented himself at the suppression hearing and at trial, we remand for a new hearing and trial (see e.g. People v Slaughter, 78 NY2d 485, 491 [1991[*2]]). On this appeal, we decline to grant defendant's suppression motion, without prejudice to the litigation of all relevant suppression issues at a de novo hearing, and any appeal that may ensue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2021